JAMES F. EVANS, Plaintiff in Error, *v.* ALEXANDER B. HITCHCOCK, Defendant in Error.

### ERROR TO LASALLE.

Where a case is submitted to arbitrators, under an order of court, if the matters referred should not be decided before the next term of the court, their powers do not expire with that term ; but it is their duty to proceed subsequently, and discharge their duty by an award.

THIS was an action of covenant, commenced in the La Salle Circuit Court, by the defendant in error against the plaintiff in error, to recover damages for an alleged breach of covenant on the part of the plaintiff in error, in not fulfilling a contract with the defendant in error for the sale and delivery of a quantity of corn.

The declaration contains one count only, setting out the contract *in hæc verba.*

To this declaration the defendant below filed,

1st.   Plea of the general issue, or *non est factum.*

2nd.   As to 1,100 bushels of the corn, a delivery thereof by defendant below to plaintiff below, and an acceptance by the latter ; and as to the balance of the corn, that plaintiff below, after the delivery of over eleven hundred bushels, to wit, on the 17th of July, 1857, requested defendant below not to deliver it, and then and there excused the defendant below from the delivery thereof.

At the February term, 1859, the cause was, by agreement of parties, submitted to arbitrators, and the following order of submission entered :

" This day the plaintiff comes, by D. L. Hough, his attorney, and the defendant, by Chumasero & Eldredge, his attorneys, and by agreement of parties it is ordered by the court that this cause be submitted to Alexander Campbell, James D. Matheny and William Paul, as arbitrators, who are to meet for this purpose on the 22nd day of March next, and said arbitrators are to have power to adjourn the hearing from time to time as they may see fit, and further that the parties agree to enter into bonds, etc."

Bonds were entered into.

At June term, 1859, the following proceedings were had :

" On this day the defendant comes, by O. C. Gray, his attorney, and moves to dismiss this suit on the ground that the same was heretofore submitted to arbitrators, which motion is overruled by the court."    And now, on motion of plaintiff, by Wallace, his attorney, it is ordered by the court that the time heretofore entered herein for the meeting of the arbitrators be set aside.    And, further, that the arbitrators be allowed to fix their own time for meeting, not beyond the first day of the next term of the court.

At November term, 1859, no report being on file, the cause was continued.

At February term, 1860, the following entry appears : " This day the report of the arbitrators in this case is placed on file ;" and the report is set out at length.

At February term, 1860, the plaintiff moved the court for judgment on the award of the arbitrators.    The defendant, on the same day, moved the court to dismiss the suit.

At June term, 1860, there was a judgment on the award, and a judgment overruling the motion to dismiss.

The following errors were assigned :

The court erred in overruling defendant's motion to dismiss the suit, made at June term, 1859.

The court erred in extending the time for the meeting of the arbitrators, on motion of plaintiff below, at June term, 1859,

and in setting aside the previous order for the meeting of the arbitrators.

The court erred in ordering that the motion for judgment and motion to dismiss be heard in vacation at chambers.

The court erred in overruling defendant's motion made at June term, 1859, and decided at June term, 1860, to dismiss the suit.

The court erred in rendering judgment upon the award.

The court had no jurisdiction to render judgment upon the award.

The time for the meeting of the arbitrators, under the order made at the June term, 1859, had expired by limitation before the meeting of the arbitrators on the 7th of December, 1859, the first day of the term of the court subsequent to the making of the additional order for the meeting of the arbitrators being the first Monday of November, 1859, and the subsequent proceedings of the court upon the award were erroneous and void, and two arbitrators, in the absence of the third, had no authority to adjourn the hearing.

G. S. ELDREDGE, for Plaintiff in Error.

T. L. DICKEY, for Defendant in Error.

CATON, C. J. This submission was in court, and strictly in pursuance of the second section of the act, and it was the duty of the arbitrators, no doubt, under the third section, to hear and determine the matter before the next term of the court. But this they did not do, and the question is, did their powers expire with the next term, or rather on the first day of the term? If so, their subsequent award was a nullity, and the court erred in entering the judgment. We think their powers did not expire, but that they were not only authorized, but it was their duty to act subsequently. This is manifest from the fifteenth section of the same act. That authorizes the court by its order to compel the arbitrators to proceed and hear and determine any cause submitted to them under that act. This shows that it was the intention of the legislature that the powers of the arbitrators should continue till they had discharged the duties imposed upon them, even after the next term of the court. Unless they had power to act, the court could not compel them to do so, and the court could not exercise this coercive power till the next term, so that it must be after that time that they are required to proceed to act in obedience to the mandate of the court. The judgment is affirmed.

*Judgment affirmed.*